[No. H001274. Sixth Dist. May 21, 1986.]

GEORGE MANN, as Registrar of Voters, etc., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
VIRGINIA SANDOVAL et al., Real Parties in Interest.

**COUNSEL**

Donald L. Clark, County Counsel, and James C. Emerson, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Allen H. Fleishman and Fleishman & Jensen for Real Parties in Interest.

## OPINION

**PHILLIPS, J.***—Education Code section 5012 provides in part that "[n]o candidate whose declaration of candidacy has been filed for any school district or community college district governing board election or county board of education election may withdraw as a candidate after the 88th day prior to the election." May a *voter,* invoking an Elections Code provision for correction of "an error or omission" on a ballot, compel removal of the name of a candidate on the sole ground that the candidate, notwithstanding Education Code section 5012, has purported to withdraw? We conclude that such removal may not be compelled.

Virginia Sandoval filed a declaration of candidacy for the governing board of the East Side Union High School District in San Jose. The election was scheduled for November 5, 1985. Less than 88 days before the election, Sandoval publicly announced that because of the press of her duties as a junior high school teacher "I feel compelled to formally announce my decision to withdraw from the . . . election" but that she would "remain involved in the race by actively supporting" three other candidates. Sandoval wished to have her name removed from the ballot; her attorney advised her that in a previous case respondent superior court had mandated removal of a candidate's name upon the petition of a registered voter. The attorney then, in Sandoval's behalf, prepared a "petition for writ of mandate and alternative complaint" under Elections Code section 10015, for removal of Sandoval's name from the November 5 ballot. The petition was prepared in the name of registered voter Sharon J. Layne, and Layne verified it. The petition was filed on October 7, 1985, and respondent superior court, over the opposition of Santa Clara County Registrar of Voters, George Mann, issued its peremptory writ as prayed on October 23.

Mann then filed this petition on October 28, requesting an immediate stay of respondent court's writ. Perceiving that there was insufficient time to receive briefing and to effect a disposition on the merits before the November 5 election, we denied the stay. Sandoval's name was removed from the ballot and the election was held.

██ ██ The election mooted the dispute between Sandoval and Mann. We have concluded, however, that respondent court's writ was issued in error and that public interest in proper conduct of elections and the probability that the issue will arise again warrant a decision on the merits of the issue presented. (Cf. *Davies* v. *Superior Court* (1984) 36 Cal.3d 291, 294 [204 Cal.Rptr. 154, 682 P.2d 349]; *Daly* v. *Superior Court* (1977) 19

---

*Assigned by the Chairperson of the Judicial Council.

Cal.3d 132, 141 [137 Cal.Rptr. 14, 560 P.2d 1193]; *Sweatt* v. *Foreclosure Co.* (1985) 166 Cal.App.3d 273, 279 [212 Cal.Rptr. 350].) For similar reasons we proceed to the merits in this writ proceeding, notwithstanding that Mann could have maintained a direct appeal from respondent court's judgment.

Elections Code section 10015 provides that "[a]ny voter may seek a writ of mandate alleging that an error or omission has occurred or is about to occur in the placing of any name on, or in the printing of, a ballot, sample ballot, voter pamphlet or other official matter, or that any neglect of duty has occurred or is about to occur. [¶] A peremptory writ of mandate shall issue only upon proof that the error, omission or neglect is in violation of this code or the Constitution and that issuance of the writ will not substantially interfere with the conduct of the election. [¶] Such action or appeal shall have priority over all other civil matters."

■ To demonstrate "an error or omission" within the meaning of Elections Code section 10015, in respondent court Layne argued that to leave Sandoval's name on the ballot would promote "voter confusion." Layne relied primarily on *Bordwell* v. *Williams* (1916) 173 Cal. 283 [159 P. 869], in which Bordwell, a candidate for his party's nomination to be a United States senator, withdrew before the primary election and then sought mandate to compel the county clerk to omit his name from the primary ballot. The Supreme Court affirmed that no California statute then in effect abrogated Bordwell's right to withdraw before the primary, and concluded that the writ should issue to effectuate the withdrawal "to enable the voters to exercise a free, orderly, and intelligent choice. We can conceive of no good reason why a ballot should contain the name of a person who is not in fact a candidate for nomination . . . . The presence of his name (like that of a candidate who has died) could operate only to deprive uninformed electors of their votes . . . . We believe . . . that the ['direct primary law'] contemplates a submission to the electors of a choice between persons who are candidates in fact . . . ." (*Id.,* at p. 287.)

Layne also cited cases in which courts had ordered removal from ballots of the names of candidates who were unqualified or otherwise ineligible for the office sought, or whose names had been placed on the ballot by fraud or other irregularity.

None of Layne's cases is in point. In each case the candidate either should not have been on the ballot in the first place or was empowered to withdraw. Here, Sandoval had properly become a candidate, and by virtue of Education Code section 5012 could not withdraw at the time she purported to do so. In light of section 5012, the presence of Sandoval's name on the ballot

could not be regarded as "an error or omission," or as evidence of "any neglect of duty," within the meaning of Elections Code section 10015.

Had either Layne or Sandoval chosen to participate in the proceedings in this court, they might have argued that by perpetuating the candidacy of one who for whatever reason is no longer willing to serve, section 5012 promotes the very "perversion of the true popular will" which *Bordwell* sought to avoid. Perhaps such an argument would warrant renewed legislative attention. But from the judicial perspective we find Mann's policy argument persuasive: "The clear intent of the law is to force candidates to consider their qualifications for the ballot seriously and to face election once the qualification process is completed and the 88th day prior to the election has passed. To allow such removal from a ballot encourages undue influence by more powerful candidates, political 'teams' who may withdraw in favor of one another, and the deterrence of potential candidates who may consider the race overcrowded or their views represented by potential declared candidates."

Sandoval's name should have remained on the ballot. Respondent court should not have issued its peremptory writ. But because the election has been held, it would serve no purpose to order respondent court to vacate its writ. For this reason only, the petition for writ of mandate or prohibition is denied.

Agliano, P. J., and Brauer, J., concurred.